Eduard Korsinsky (EK-8989)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

(Additional counsel appear on signature page)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON KERZNOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPKO HEALTH, INC., PHILLIP FROST, ADAM LOGAL, AND JUAN F. RODRIGUEZ,<br><br>Defendants. | Case No. 2:18-cv-13834<br><br><br><br><br><br><br><br>Hon. Stanley R. Chesler<br>Magistrate Judge Cathy L. Waldor |

**MEMORANDUM IN SUPPORT OF THE MOTION OF**
**THE OPKO INVESTOR GROUP FOR APPOINTMENT AS**
**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1
PROCEDURAL BACKGROUND............................................................................................... 2
STATEMENT OF FACTS .......................................................................................................... 2
ARGUMENT................................................................................................................................ 4
    I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF........................................ 4
        A.    The Procedural Requirements Pursuant to the PSLRA..................................................... 4
        B.    Movant is "The Most Adequate Plaintiff" ........................................................................ 5
            1.    Movant Has Complied With the PSLRA and Should Be Appointed as Lead Plaintiff 5
            2.    Movant Has the Largest Financial Interest..................................................................... 5
            3.    Movant Satisfies the Requirements of Rule 23 .............................................................. 6
                a.    Movant Satisfies the Typicality Requirement............................................................. 6
                b.    Movant Satisfies the Adequacy Requirement............................................................ 7
    II.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ............... 8
CONCLUSION............................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Brady v. Top Ships, Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. July 20, 2018) ............................................................................. 5

*Chao Sun v. Han*,
  2015 U.S. Dist. LEXIS 64060 (D.N.J. May 14, 2015) ................................................................ 7

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ..................................................................................................................... 7

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ...................................................................................................... 5

*In re Cendant Corp. Sec. Litig.*,
  109 F. Supp. 2d 235 (D.N.J. 2000) ............................................................................................. 6

*In re Nice Sys. Secs. Litig*.,
  188 F.R.D. 206 (D.N.J. 1999) .................................................................................................. 6, 7

*Sklar v. Amarin Corp. PLC*,
  2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) .............................................................. 7

**Statutes**

15 U.S.C. §78u-4(a)(3) .................................................................................................... 1, 4, 6

15 U.S.C. §78u-4(a)(3)(A) and (B) .................................................................................................. 4

15 U.S.C. §78u-4(a)(3)(A)(i) ............................................................................................................ 2

15 U.S.C. §78u-4(a)(3)(B) ..................................................................................................... passim

15 U.S.C. §78u-4(a)(3)(B)(i) ............................................................................................................ 4

15 U.S.C. §78u-4(a)(3)(B)(iii) ................................................................................................. 2, 4, 5

15 U.S.C. §78u-4(a)(3)(B)(v) ........................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................................. 6

**PRELIMINARY STATEMENT**

Richard Cardilli, Anthony T. DeRosa, Tawei Ho, Charles Saulson, and Connie Wendt (the "OPKO Investor Group" or "Movant") submit this memorandum in support of their motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("Bragar"), as Co-Lead Counsel for the Class; and (3) the granting of such other and further relief as the Court may deem just and proper.

As described in the loss charts, attached as Exhibit B to the Declaration of Eduard Korsinsky in Support of the Motion of the OPKO Investor Group for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Korsinsky Decl." or "Korsinsky Declaration"), the OPKO Investor Group collectively lost over $709,000 as a result of its members' purchases of OPKO Health, Inc. ("OPKO" or "Company") securities between September 26, 2013 through September 7, 2018, inclusive ("Class Period"). Movant submits that, to the best of its knowledge, it has the largest loss of any other movant seeking to be appointed lead plaintiff.

In addition to demonstrating the largest financial interest in the outcome of this litigation, the Certifications submitted by Movant's members evidence their intent to serve as Lead Plaintiff in this litigation, as they have acknowledged that they understand the duties they are undertaking. The Certification serves as affirmative evidence that Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. §78u-4(a)(3)(B)(iii)(cc)). The members of the OPKO Investor Group fully understand the duties and responsibilities that being lead plaintiff entails, and have confirmed that they are ready, willing, and able to oversee the

1

vigorous prosecution of these Actions. *See* Korsinsky Decl., Ex. A. Movant satisfies both of the applicable requirements of the PSLRA and Rule 23, and is presumptively the "most adequate plaintiff" – a presumption that cannot be rebutted here.

## PROCEDURAL BACKGROUND

This Action was filed in this Court on September 12, 2018[1]. Also on September 12, 2018, and pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), a notice was published on *Business Wire* informing investors that a class action had been initiated against defendants and advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (November 13, 2018). *See* Korsinsky Decl., Ex. C ("Press Release"). The members of the OPKO Investor Group are class members and have timely moved for appointment as Lead Plaintiff under the PSLRA within the required 60-day timeframe.[2] *See* Korsinsky Decl., Ex. A (PSLRA certification attesting to purchases of OPKO securities).

## STATEMENT OF FACTS[3]

OPKO, a healthcare company, engages in the diagnostics and pharmaceuticals business in the United States and internationally. ¶7.

---

[1] In addition to the Action, four other actions have been filed in two other courts making similar allegations against the Company. *Adsport, Inc. v. Opko Health, Inc., et al.,* Case No. 1:18-cv-8456, was filed on September 17, 2018 in the Southern District of New York (the "*Adsport* Action"). The following three cases were filed in the Southern District of Florida: *Steinberg v. Opko Health, Inc., et al.,* Case No. 1:18-cv-23786, filed September 14, 2018 (the "*Steinberg* Action"); *Brennan v. Opko Health, Inc., et al.,* Case No. 1:18-cv-23924, filed September 21, 2018 (the "*Brennan* Action"); and *Camhi v. Opko Health, Inc., et al.,* Case No. 1:18-cv-24137, filed October 8, 2018 (the "*Camhi* Action").

[2] The PSLRA authorizes any member or members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Movants' Certifications are attached as Exhibit A to the Korsinsky Declaration.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in this Action on September 12, 2018. Unless otherwise defined, capitalized terms shall have the

Throughout the Class Period, Defendants issued materially false and/or misleading statements that misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendant Frost and OPKO were engaged in a pump-and-dump scheme with several other individuals and companies in their investments in several penny stocks; (2) this illicit scheme would result in governmental scrutiny including from the SEC; and (3) as a result, Defendants' statements about OPKO's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶24.

On September 7, 2018, the SEC issued a press release entitled "SEC Charges Microcap Fraudsters for Roles in Lucrative Market Manipulation Schemes" which included Frost and OPKO as defendants. ¶25. The press release stated, in relevant part, that it "charged a group of 10 individuals and 10 associated entities for their participation in long-running fraudulent schemes that generated over $27 million from unlawful stock sales" and that "Miami biotech billionaire Phillip Frost allegedly participated in two of these three schemes." *Id.*

On this news, shares of OPKO fell $1.01 or over 18%, before NASDAQ halted the trading of OPKO on September 7, 2018 at 2:34 p.m. EDT at $4.58, making the Company's stock illiquid and virtually worthless. ¶26.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

---

same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. §78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Kerznowski* Action, which was filed on September 12, 2018, published a notice on *Business Wire* on the same day. Korsinsky Decl., Ex. C. This notice announced that applications for appointment as lead plaintiff had to be made by November 13, 2018. As the PSLRA notes, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. Movant is "The Most Adequate Plaintiff"

#### 1. Movant Has Complied With the PSLRA and Should Be Appointed as Lead Plaintiff

Movant has timely filed the instant Motion to be appointed Lead Plaintiff. Moreover, Movant has the largest known financial interest in the relief sought by the Class. Further Movant's Members has shown their willingness to represent the Class by signing a sworn Certification detailing their investments in the Company's securities during the Class Period and confirming their willingness to discharge the obligations of class representatives in this Action. *See* Korsinsky Decl., Ex. A. Furthermore, the OPKO Investor Group is a small and cohesive group of sophisticated investors who are committed to working together in the prosecution of this action and have demonstrated their ability to do so in the Joint Declaration that Movant has submitted. *See* Korsinsky Decl., Ex. F. *See Brady v. Top Ships, Inc.*, 324 F. Supp. 3d 335, 347 (E.D.N.Y. July 20, 2018) (joint declaration evidenced ability of a group of investors to "cohesively manage the litigation").

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm résumés of proposed Co-Lead Counsel, Levi & Korsinsky and Bragar, are attached as Exhibit D and E to the Korsinsky Declaration.

#### 2. Movant Has the Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the person or group of persons who have the largest financial interest in the relief sought by the action. *See In re Cendant Corp. Litig.,* 264 F.3d 201, 222 (3d Cir. 2001) ("the most adequate plaintiff is the movant that has the largest financial interest in the relief sought by the class….") (internal citations omitted). As demonstrated by Exhibit B to the Korsinsky Declaration,

Movant has sustained losses of approximately $709,000.[4] Upon information and belief no competing movant has larger losses. Therefore, Movant satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Movant Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, a lead plaintiff must also "otherwise satis[fy] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the eventual lead plaintiff moves for class certification. *See In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a).

#### a. Movant Satisfies the Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to the claims of other class members and when the claims are based on the same legal theory. *See Nice Sys.*, 188 F.R.D. at

---

[4] Pursuant to the PSLRA, damages in securities class actions are capped at the difference between the purchase price and the larger of the sale price or the mean closing price for the trading days between the corrective disclosure and the date of sale. *See In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235, 261 n.10 (D.N.J. 2000) (citing 15 U.S.C. § 78u-4(e)(1)-(2)). Accordingly, Tawei Ho would have a higher loss using his actual sales price based than the average trading price from the end of the class period to the price he sold at on September 14, 2018, but in compliance with the statutory provisions of the PSLRA, his loss chart utilizes the higher average trading price. *See* Korsinsky Decl., Ex. B. (utilizing mean closing price from the date of disclosure to the date of sale).

6

218. The threshold typicality requirement is not high: Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Id.*[5]

Here, the OPKO Investor Group meets the typicality requirement because, like all other members of the purported class, its members purchased the Company's securities during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby. Typicality is satisfied because Movant's claims are not "markedly different" from the claims of the class, but rather are premised on the same legal and remedial theories stemming from the same alleged misrepresentations and omissions. *Sklar v. Amarin Corp. PLC*, 2014 U.S. Dist. LEXIS 103051, at *21 (D.N.J. July 29, 2014) (typicality satisfied where "claim arises from the same conduct from which the other class members' claims and injuries arise").

### b. Movant Satisfies the Adequacy Requirement

The adequacy requirement is met if no conflicts exist between the interests of the representatives and the interests of the class and when the representatives' attorneys are qualified, experienced, and generally able to conduct the litigation. *See Nice Sys.,* 188 F.R.D. at 219. Here, Movant is not subject to any unique defenses, has retained experienced counsel in the matter, and has suffered a significant financial loss which forecloses any conflicts between Movant and the other members of the class. *See Chao Sun v. Han*, 2015 U.S. Dist. LEXIS 64060, at *8 (D.N.J. May 14, 2015) (adequacy satisfied where the movant retains "counsel with the resources, experience and expertise to efficiently and effectively prosecute this action, and [where] significant financial losses demonstrate that [movant] has sufficient incentive to ensure vigorous advocacy").

---

[5] Although not relevant to this motion, a finding of typicality frequently supports a finding of commonality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

7

Accordingly, Movant satisfies the required *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

## II. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Movant has selected Levi & Korsinsky and Bragar to serve as Co-Lead Counsel. Levi & Korsinsky and Bragar are nationally recognized class action and securities law firms with the necessary resources, expertise, and vigor to vehemently prosecute the alleged claims on behalf of the Class. *See* Korsinsky Decl., Ex. D-E (Firm Résumés). This Court may be assured that in the event that Movant's motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Movant respectfully request that this Court enter an order: (1) appointing Movant to serve as Lead Plaintiff; (2) approving Movant's selection of Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: November 13, 2018   Respectfully Submitted,

**LEVI & KORSINSKY LLP**

*/s/ Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

- and -

Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, Connecticut 06901

8

Tel.: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

**BRAGAR EAGEL & SQUIRE P.C.**
Melissa A. Fortunato
Shaelyn Gambino Morrison
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
Email:  fortunato@bespc.com
            gambino-morrison@bespc.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I caused the foregoing Memorandum of Law to be served electronically on all ECF participants.

*/s/ Eduard Korsinsky*
Eduard Korsinsky