Avi Josefson (*pro hac vice* forthcoming)
Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff the
Amitim Funds and Proposed Lead Counsel
for the Class*

James E. Cecchi
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for Proposed Lead
Plaintiff the Amitim Funds and Proposed
Liaison Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON KERZNOWSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OPKO HEALTH, INC., PHILLIP FROST, ADAM LOGAL, and JUAN F. RODRIGUEZ,<br><br>    Defendants. | Case No. 2:18-cv-13834-SRC-CLW<br>Hon. Stanley R. Chesler<br><br>**MOTION DAY: December 17, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
THE AMITIM FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF LEAD AND LIAISON COUNSEL,
<u>AND IN OPPOSITION TO THE COMPETING MOTIONS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

I.      PRELIMINARY STATEMENT ................................................................................1

II.     ARGUMENT .............................................................................................................3

        A.      The Amitim Funds Have The Largest Financial Interest.......................................3

        B.      The Amitim Funds Satisfy The Requirements Of Rule 23.....................................5

        C.      The Competing Movants Do Not Trigger The Presumption ...................................6

III.    THE AMITIM FUNDS' SELECTION LEAD AND LIAISON COUNSEL
        SHOULD BE APPROVED  ........................................................................................6

IV.     CONCLUSION...........................................................................................................7

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................................3

*Faris v. Longtop Fin. Techs. Ltd.*,
    No. 11 Civ. 3658(SAS), 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .....................................6

*Lewis v. Lipocine Inc.*,
    No. 16-4009-BRM-LHG, 2016 WL 7042075 (D.N.J. Dec. 2, 2016)...................................4, 5

*Sklar v. Amarin Corp. PLC*,
    No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248 (D.N.J. July 29, 2014)............................2

*Woburn Ret. Sys. v. Salix Pharm., Ltd.*,
    No. 14-CV-8925 (KMW), 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ...............................4

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...............................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..............................................................................................3, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................................6

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995).......................6

The Amitim Funds[1] respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead and Liaison Counsel, and in opposition to the competing motions filed by: (i) Erste Asset Management GmbH ("Erste"), ECF No. 14; (ii) Barbara Weiss ("Weiss"), ECF No. 13; (iii) Steven Weston and the Weston Family Partnership, LLLP ("Weston Family"), ECF No. 9; (iv) Zodiac International Investment Fund Ltd., Alumot Mutual Fund Management Company, and Provident Fund of the Employees of the Hebrew University of Jerusalem Ltd. ("Zodiac Group"), ECF No. 17; (v) John Kleiss ("Kleiss"), ECF No. 7; (vi) Connie Wendt, Richard Cardilli, Charles Saulson, Tawei Ho, and Anthony T. DeRosa ("Wendt Group"), ECF No. 12; (vii) Norman Jacobs ("Jacobs"), ECF No. 11; (viii) Gregory Hayer ("Hayer"), ECF No. 16; (ix) Jarat Yenrudeepree ("Yenrudeepree"), ECF No. 10; (x) AMIDEX Funds, Inc. ("AMIDEX Funds"), ECF No. 8; and (xi) Robert J. Davis and Lewis Cohen ("Davis Group "), ECF No. 5.

## I.  PRELIMINARY STATEMENT

The Amitim Funds should be appointed Lead Plaintiff because they are the "most adequate plaintiff" and have the "largest financial interest" in the securities class action against OPKO under the standards of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Amitim Funds incurred losses that are ***over two and a half times larger*** than the losses of all the other Lead Plaintiff movants ***combined***.  As demonstrated by the graph below, no other movant has a financial interest in this action that even approaches the financial interest of the Amitim Funds:

---

[1] All capitalized terms are defined in the Amitim Funds' opening brief, unless otherwise indicated. *See* ECF No. 15-1.

1



The Amitim Funds also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members.  Further, the Amitim Funds fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff to guarantee the vigorous prosecution of this action.  *See* ECF No. 15-1 at 2-3.

In recognition that the Amitim Funds have the largest financial interest of any movant and are otherwise adequate to represent the Class, several competing movants withdrew their motions (*see* ECF Nos. 18, 21, 24, 27), or stated that they do not oppose the Amitim Funds' appointment as Lead Plaintiff (*see* ECF Nos. 20, 22, 23, 28).[2]

---

[2] As discussed in the Amitim Funds' opening brief, Lead Plaintiff motions were also filed in related actions pending in the Southern District of Florida and the Southern District of New York.  *See* ECF No. 15-1 at 1 n.2.  The deadline for filing oppositions to those motions was November 27, 2018.  In addition to the seven movants that have either withdrawn their motions or stated that they do not oppose the Amitim Funds' motion, three other movants (Weston Family, Zodiac Group, and Jacobs) did not file any responses to the Amitim Funds' motions in Florida or New York and, therefore, have abandoned those motions.  *See Sklar v. Amarin Corp. PLC*, No. 13-cv-06663

2

Because the Amitim Funds have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are entitled to a strong presumption that they are the most adequate plaintiff.  Under the PSLRA, that presumption can only be rebutted "***upon proof***" that the Amitim Funds are inadequate or atypical.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such "proof" exists, and there are no grounds to challenge the Amitim Funds' typicality or adequacy.

Accordingly, the Amitim Funds should be appointed Lead Plaintiff and their motion should otherwise be granted.

## II.    ARGUMENT

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must only make a "*prima facie*" showing that it satisfies Rule 23's typicality and adequacy requirements.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).  Once this presumption is triggered, it can only be rebutted upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  *Id.* at 268 (emphasis added); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### A.  The Amitim Funds Have The Largest Financial Interest

The Amitim Funds have, without a doubt, the largest financial interest in the relief sought by the Class in this action.  Courts across the country, including courts in this Circuit, have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation.  *See, e.g.*, *Cendant*, 264 F.3d at 263-64 (PSLRA sequential

---

(FLW)(TJB), 2014 WL 3748248, at *4 (D.N.J. July 29, 2014).  Accordingly, the Amitim Funds' motions pending in the related cases in Florida and New York are unopposed.

process of appointing Lead Plaintiff begins with movant that asserts "the largest financial losses");

*Lewis v. Lipocine Inc.*, No. 16-4009-BRM-LHG, 2016 WL 7042075, at *4 (D.N.J. Dec. 2, 2016)

("District courts in this Circuit have accorded the 'largest financial loss' element the most weight

in the analysis for appointment of a lead plaintiff.") (citation omitted); *Woburn Ret. Sys. v. Salix*

*Pharm., Ltd.*, No. 14-CV-8925 (KMW), 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The

most important factor is financial loss.").

As illustrated in the following chart, the Amitim Funds incurred losses of approximately

$23.5 million, which is more than fourteen times larger than the loss asserted by the next closest

movant.

| Movant(s) | Asserted Loss |
|---|---|
| The Amitim Funds | $23,517,243 |
| Erste | $1,671,126 |
| Weiss | $1,511,025 |
| Weston Family | $1,235,718 |
| Zodiac Group | $1,215,387 |
| Kleiss | $924,811 |
| Wendt Group | $709,039 |
| Jacobs | $421,784 |
| Hayer | $268,355 |
| Yenrudeepree | $233,815 |
| AMIDEX Funds | $130,148 |
| Davis Group | $126,814 |

As such, there can be no credible dispute that the Amitim Funds have the largest financial

interest in the litigation. Accordingly, the Amitim Funds have "the largest financial interest in the

relief sought by the class" and should be appointed Lead Plaintiff. 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(bb).

4

**B. The Amitim Funds Satisfy The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, the Amitim Funds also satisfy the typicality and adequacy requirements of Rule 23.  To overcome the strong presumption entitling the Amitim Funds to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

As demonstrated in their opening brief, the Amitim Funds are typical Class representatives. *See* ECF No. 15-1 at 6-7.  Like all other Class members, the Amitim Funds (1) purchased OPKO stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged thereby. *See Lipocine*, 2016 WL 7042075, at *4.

The Amitim Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  As demonstrated in their opening brief, the Amitim Funds are sophisticated institutional investors that understand and accept the duties and responsibilities owed to other Class members to monitor the prosecution of this action in the best interests of the Class. *See* ECF No. 15-1 at 7-8.

Further, there is no conflict of interest between the Amitim Funds' interests and those of the other Class members.  To the contrary, the interests of the Amitim Funds and other Class members are directly aligned because all suffered damages from their purchases of OPKO stock that was artificially inflated by Defendants' misconduct.  The Amitim Funds clearly have a sufficient interest to ensure the vigorous prosecution of this litigation and have demonstrated their

5

commitment to prosecuting this action efficiently and in the best interests of the Class. *See* ECF No. 15-1 at 2-3. Indeed, the Amitim Funds are precisely the type of sophisticated institutional investors that Congress sought to place in charge of securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation").

The Amitim Funds have further demonstrated their adequacy by selecting Bernstein Litowitz and Carella Byrne—counsel that are highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead and Liaison Counsel, respectively, for the Class. Accordingly, because the Amitim Funds have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23's requirements, the Court should appoint them as Lead Plaintiff.

### C.  The Competing Movants Do Not Trigger The Presumption

Because the Amitim Funds have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. *See Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658(SAS), 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

### III.   THE AMITIM FUNDS' SELECTION OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

The Court should also approve the Amitim Funds' selection of Bernstein Litowitz as Lead Counsel and Carella Byrne as Liaison Counsel for the Class. As discussed more fully in the Amitim Funds' opening brief, the PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Litowitz and Carella Byrne have long histories of successfully litigating securities class actions on behalf of injured investors, including several landmark recoveries in cases that were litigated in this District.  *See* ECF No. 15-1 at 8-10.  The Amitim Funds' selection of Bernstein Litowitz as Lead Counsel and Carella Byrne as Liaison Counsel should therefore be approved.

**IV.    CONCLUSION**

For the reasons stated herein, the Amitim Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz as Lead Counsel and Carella Byrne as Liaison Counsel for the Class, and grant such other relief as the Court may deem just and proper.

Dated:  December 3, 2018

Respectfully submitted,

*/s/ James E. Cecchi*
James E. Cecchi
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
**  OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for Proposed Lead Plaintiff the Amitim Funds and Proposed Liaison Counsel for the Class*

Avi Josefson (*pro hac vice* forthcoming)
Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER**
**  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
avi@blbglaw.com
michaelb@blbglaw.com

7

*Counsel for Proposed Lead Plaintiff the Amitim
Funds and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

/s/ *James E. Cecchi*
James E. Cecchi

9